**UNITED STATES of America**

v.

**Edgardo MATEO, Appellant.**

No. 05–5376.

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third Circuit LAR 34.1(a) on April 8, 2008.

Filed: April 16, 2008.

Anita D. Eve, Office of United States Attorney, Philadelphia, PA, for U.S.

Michael J. Kelly, Philadelphia, PA, for Appellant.

Before: SMITH, HARDIMAN, and COWEN, Circuit Judges.

OPINION

SMITH, Circuit Judge.

On July 26, 2005, Edgardo Mateo entered an "open" plea of guilty to conspiracy to distribute and conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846, and to distribute cocaine in violation of 21 U.S.C. § 841. He was sentenced to a term of 108 months imprisonment and five years of supervised release, and ordered to pay a $200 special assessment fee. Thereafter, Mateo timely filed a *pro se* notice of appeal.[1] On February 15, 2006, this Court granted Mateo's request for court-appointed counsel. On January 5, 2007, Mateo's counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), after concluding that there are no nonfrivolous issues for appeal.

---

1. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In *Anders*, the Supreme Court stated that the "constitutional requirement of substantial equality and fair process" means that appellate counsel must act as an advocate for the defendant. 386 U.S. at 744, 87 S.Ct. 1396. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.* As we explained in *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001), the Anders brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." Accordingly, our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir.2000)); *see also Anders*, 386 U.S. at 744, 87 S.Ct. 1396 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous"). If review fails to reveal any nonfrivolous issues, the court "may grant counsel's request to withdraw and dismiss the appeal." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396.

Counsel correctly explained that Mateo's guilty plea constituted a waiver of almost all issues for appeal. As a result, counsel asserted that Mateo was limited to claiming that he had a constitutional right not to be haled into court on a charge, to challenging the validity of his guilty plea, and to attacking the legality of his sentence. *See* 18 U.S.C. § 3742(a); *United States v. Broce*, 488 U.S. 563, 574–76, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). After considering the submission of Mateo's counsel, we are persuaded that the District Court engaged in a thorough colloquy with Mateo prior to accepting his plea as required by Federal Rule of Criminal Procedure 11. None of Mateo's pre-trial motions concerned jurisdictional matters; therefore, his right to appeal these rulings was waived by his plea. *United States v. Panarella*, 277 F.3d 678, 689 (3d Cir.2002); *United States v. Bentz*, 21 F.3d 37, 38 (3d Cir.1994).

Consistent with Third Circuit Local Appellate Rule 109.2(a), Mateo was apprised of counsel's motion to withdraw and afforded an opportunity to file a response. Mateo's *pro se* brief asserted that the calculation of his offense level was incorrect and that his counsel had been ineffective. We decline to address the ineffectiveness assistance of counsel claim because it is raised here on direct appeal; instead, it should be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255. *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir.2003). We are, however, persuaded that the District Court erred in its calculation of Mateo's sentencing guideline range.

Prior to sentencing, the Presentence Investigation Report ("PSR") determined that Mateo was entitled to a guideline range of 120 to 135 months.[2] At his sen-

---

2. Pursuant to U.S.S.G. § 2D1.1(c)(4), Mateo's base offense level was 32. Two levels were added, as required by U.S.S.G. § 2D1.1(b)(1), because Mateo was found to have been in possession of a firearm. However, Mateo was entitled to a three-level downward adjustment because he timely notified the government of his intent to plead guilty, which resulted in a total offense level of 31. Because Mateo had no criminal history points, the

tencing hearing on December 7, 2005, Mateo argued that he qualified for the "safety valve" provision of 18 U.S.C. § 3553(f).[3] Because the government opposed the application of the "safety valve" provision, arguing that Mateo had possessed a gun related to the drug conspiracy, the District Court held an evidentiary hearing. At the conclusion of the hearing, the District Court rejected the Government's argument with respect to Mateo's gun, and eliminated the two point adjustment under U.S.S.G. § 2D1.1(b)(1), lowering his offense level to 29. Furthermore, the Court found that Mateo qualified for the "safety valve" relief of 18 U.S.C. § 3553(f), thus providing an additional reduction of his offense level to two levels, from 29 to 27 pursuant to U.S.S.G. § 2D1.1(b)(9). However, during the sentencing phase of the hearing, the Court neglected to recalculate the offense level to include the "safety valve" downward departure and Mateo was nevertheless found to have a base offense level of 29 with a guideline range of 87 to 108 months.

Mateo's newly-appointed counsel argues that because original defense counsel misunderstood the offense level calculation, the applicability of the safety valve provision has been waived. The Government, however, concedes that there was no evidence of "intentional relinquishment or abandonment of a known right or privilege" and thus, the miscalculation of the base offense level has not been waived. *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). We agree with the Government.

The record reveals that the District Court inadvertently miscalculated the underlying offense level, which resulted in a higher sentencing guideline range. This Court has demanded that the "entirety of the Guidelines calculation be done correctly," *United States v. Jackson,* 467 F.3d 834, 838 (3d Cir.2006), and the correct guidelines range serves as the "critical starting point for the imposition of a sentence." *United States v. Hawk Wing,* 433 F.3d 622, 631 (8th Cir.2006). Because the District Court imposed a sentence that did not stem from the correct offense level, we will vacate the sentence and remand for re-sentencing.

Although we are satisfied that defense counsel thoroughly examined the record for issues of arguable merit and fulfilled the requirements of *Anders,* and we agree that there are no nonfrivolous issues of merit for appeal beyond sentencing, we are nevertheless denying counsel's motion to withdraw in light of the new obligations he will have at re-sentencing.

---

resulting guideline range was 108 to 135 months, but the range shifted upward to 120 to 135 months because Mateo was subject to statutory mandatory minimum sentences for the counts of his indictment. Mateo filed no objections to the draft PSR.

**3.** 18 U.S.C. § 3553(f) provides, in pertinent part:

Notwithstanding any other provision of law, in the case of an offense under ... the Controlled Substances Act ... the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission ... without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense....

*Id.*